UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENNETH L. BROWN,

                    Plaintiff,                  **REPORT AND RECOMMENDATION**
                                        **16 CV 6507 (CBA)(LB)**

     -against-

COMMISSIONER JOSEPH PONTE, MS. K.
COLLINS, and MS. ADA PRESSLEY,

                 Defendants.

------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff brings this *pro se* action alleging his civil rights were violated pursuant to 42 U.S.C. § 1983 when he was a pretrial detainee at the Robert N. Davoren Complex ("RNDC") facility at Rikers Island as a pretrial detainee.  <u>See</u> Mem. & Order, ECF No. 36 [hereinafter "2019 Mem. & Order"].  For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

      On November 17, 2016, plaintiff commenced this action *pro se*.  Compl., ECF No. 1.  On May 23, 2018, plaintiff was granted leave to proceed *in forma pauperis* and to amend his complaint. Mem. & Order, ECF No. 10. Plaintiff alleges, *inter alia*, that he was subjected to video surveillance while being strip searched in the intake and shower areas at the RNDC facility on Rikers and asserts violations of his right to privacy and his free exercise rights as a Muslim under the Fourth, Fourteenth, and First Amendments.  2019 Mem. & Order 1-3, 5.  On September 30, 2019, the Honorable Carol Bagley Amon granted in part and denied in part defendants' motion to dismiss, dismissing plaintiff's claims against the City of New York and

against the individual defendants Jimenez, Padmore, and Doe. 2019 Mem. & Order 10. Plaintiff's claims against defendants Ponte, Collins, and Pressley were permitted to proceed. Id.

The Court held the initial conference in this action on November 19, 2019, and ordered defendants' counsel, *inter alia*, to file a status letter regarding the preservation of any video and to supplement their answer, which they did. See Ct. Order 1, ECF No. 44; ECF Nos. 45-46, 48. Plaintiff was reminded to advise the Clerk of Court regarding any change of his address. ECF No. 44 at 2. The parties were ordered to complete all discovery in this case by May 15, 2020. ECF No. 44 at 1. On November 21, 2019, the Clerk of Court mailed a copy of the Court's Order, ECF No. 44, and a copy of the *Pro Se* Manual to plaintiff at the Wyoming Correctional Facility in Attica, New York, via first class mail.

Plaintiff was released on parole from Wyoming Correctional Facility on or about February 13, 2020. See ECF No. 51.[2] On March 16, 2020, plaintiff provided the Court with an updated mailing address, a Department of Homeless Services shelter at 146 Clay Street in Brooklyn, New York. ECF No. 52. On March 20, 2020, in light of plaintiff's release from custody and the public health emergency regarding COVID-19, the Court *sua sponte* extended the deadline for the parties to complete discovery until July 15, 2020. Ct. Order, ECF No. 53. Defendants' counsel sent plaintiff the Court's Order, ECF No. 53, via first class mail to the 146 Clay Street address, ECF No. 54, and the Court also mailed plaintiff a copy of the Order, ECF No. 53, at the 146 Clay Street address.

On April 24, 2020, the Court's March 20, 2020, Order, ECF No. 53, which was sent to plaintiff's 146 Clay Street address, was returned to the Court as undeliverable. See ECF No.55.

---

[2] See also Commitment History for Mr. Kenneth Brown, Department ID No. 17-R-0001, available at: http://nysdoccslookup.doccs.ny.gov/ (last visited September 10, 2020).

Accordingly, the Court requested that defendants' counsel inquire with the NYC Department of Social Services regarding plaintiff's current address based on his shelter identification number. See Ct. Order, ECF No. 56 at 2 n.3. On May 29, 2020, defendants' counsel provided the Court with an address, at Julio's Place, 106 West 128th Street, New York, New York, based on plaintiff's most recent shelter activity. Id.

On June 2, 2020, the Court ordered plaintiff to write to the Court to confirm the address where he can receive mail by July 15, 2020. ECF No. 56 at 1.[3] Plaintiff was reminded that this is plaintiff's case to vindicate his rights; plaintiff must contact the Court and defendants' counsel if his contact information changes; and defendants' counsel is not responsible for updating the Court regarding plaintiff's current contact information. ECF No. 56 at 2 n.3. Plaintiff was advised that, if he needs an extension of the discovery deadline, he must confer with defendants' counsel and make an application to the Court for an extension before the deadline passes. ECF No. 56 at 1 n.1. The Court warned plaintiff that if he failed to respond to the Court's Order by July 15, 2020, I would assume that he had abandoned this action and his case may be dismissed. ECF No. 56 at 1. The Clerk of Court mailed the Court's June 2, 2020, Order and the Court's March 20, 2020, Order to plaintiff at both 146 Clay Street in Brooklyn and Julio's Place in Manhattan. See ECF No. 56 at 2. Yet, the Court's June 2, 2020, Order again was returned as undeliverable. See ECF Nos. 57-58.[4]

On August 21, 2020, defendants' counsel requested a pre-motion conference in anticipation of moving to dismiss plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's failure to prosecute. ECF No. 59. Defendant's pre-motion conference

---

[3] Plaintiff was further directed to provide a telephone number if he had one. ECF No. 56 at 1.
[4] On June 25, 2020, the Clerk of Court re-sent copies of the Court's June 2, 2020, Order and March 20, 2020, Order to plaintiff via regular mail at Julio's Place, 106 West 128th Street, New York, NY 10027 (hereinafter "Julio's Place"). To date, these copies have not been returned as undeliverable.

request was served on plaintiff via mail at both 146 Clay Street in Brooklyn and Julio's Place in Manhattan. See id. Plaintiff's response to defendants' request for a pre-motion conference was due on August 28, 2020; however, the deadline to respond was extended until September 4, 2020. See Electronic Order 8/31/2020. Plaintiff has failed to respond to date. Indeed, plaintiff has not responded to any of the Court's Orders since March 2020. See ECF No. 52.

## DISCUSSION

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) [] gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.") (citation omitted).

This case cannot proceed without plaintiff's current contact information. See Edwards v. Stevens, No. 11 Civ. 7329 (PKC) (JLC), 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) ("[T]he demand that [a] plaintiff[] provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.") (internal quotation marks and citations omitted).[8] Indeed, because an action cannot proceed without the Court knowing plaintiff's current address, courts have repeatedly held that a plaintiff's failure to maintain a current address with the Court is a sufficient ground to dismiss a case without prejudice for failure to prosecute. See, e.g., Pratt v. Behari, No. 11 Civ. 6167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012); Torres v. Yonkers Police Dept., No. 11 Civ. 1819 (LTS) (GWG), 2011 WL 2555854, at *2 (S.D.N.Y. June 28, 2011) ("[B]ecause dismissal with prejudice is a harsh

---

[8] All plaintiffs, whether represented or proceeding *pro se*, are "obligated to notify the court when [they] change[] addresses." Canario-Duran v. Borecky, No. 10-CV-1736 (DLI) (LB), 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011) (citing Concepcion v. Ross, No. 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997)).

remedy to be utilized only in extreme situations, dismissal of the complaint should be without prejudice.") (internal quotation marks and citations omitted) (collecting cases).

    This is plaintiff's case to vindicate his rights, and it is plaintiff's obligation to notify the Court regarding his current contact information.  Yet, plaintiff has not contacted the Court since March 16, 2020, see ECF No. 52, and he failed to respond to the Court's Order, ECF No. 56, to provide the Court with his current mailing address by July 15, 2020.  Plaintiff has made no effort to prosecute this case and has apparently abandoned the action.  It would be futile to allow the case to continue. I therefore recommend that plaintiff's action should be dismissed without prejudice.[9]

---

[9] The Court notes that under LeSane, "a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard…and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane, 239 F.3d at 209 (internal quotation marks and citations omitted). The District Court need only provide an explanation for the dismissal rather than discuss all of the LeSane factors. See Edwards, 2012 WL 3597663, at *2 (citing Torres, 2011 WL 2555854, at *2) ("While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, a district court is not required to discuss these factors in dismissing a case as long an explanation is given for the dismissal.") (internal citations omitted).  Here, plaintiff has not contacted the Court since March 16, 2020.  Plaintiff is aware that he must provide the Court with current contact information. See ECF Nos. 9, 52  (informing the Court of plaintiff's change of address); see also ECF No. 44 at 2 (reminding plaintiff to advise the Clerk of Court regarding any change of address).  My Order informed plaintiff that the case could not proceed without his current contact information and directed plaintiff to confirm the address where he can receive mail by July 15, 2020.  ECF No. 56.  Furthermore, my Order explicitly warned plaintiff that "if he fails to respond to the Court's Order by July 15, 2020, I will assume that he has abandoned this action and his case may be dismissed." See ECF No. 56 at 1 n.2 (citing Pratt, 2012 WL 1021660, at *1).   Any lesser sanction would be futile as plaintiff has apparently abandoned the case.

**CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute. The Court adjourns *sine die* all deadlines in this case pending the Court's consideration of this Report. The Clerk of Court is directed to mail this Report to plaintiff at both 146 Clay Street in Brooklyn and Julio's Place in Manhattan.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 152 (1985). SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: September 10, 2020
      Brooklyn, New York